IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA:

FILED

2015 JAN 12 P 4: 39

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

Furama Los Angeles, Inc. :
Dragon Charm, LLC :
#1 — Larry J. Austin :
    and related entities :
c/o John E. Williams :
3213 Duke Street, Suite 601 ;
Alexanria, VA 22314 :
            :
       Plaintiffs :

v. :    Civil Action No. 1:15CV49 TSE/TCB

Graham Taylor, Esq., :
Dewey LeBoeuf Liquidating Trust, :
as successor to Dewey LeBoeuf, (as successor :
to LeBoeuf Lamb, together with all partners of said :
firm (and associates) (collectively "LeBoeuf"); :
Proskauer Rose LLC; Deutsche Bank AG; as well as:
the defendants John Does 1 through 10, said names :
being fictitious, but intended to refer to those firms :
and/or individuals providing malpractice coverage :
and/or support work for the advice and services of :
the prior-named Defendants herein ("Supporting :
Defendants"); Ira Akselrod, Esq. and Proskauer :
Rose LLC (the "Proskauer Defendants"); :
R. J. Ruble, Esq., and Sidley Austin :
Brown & Wood LLC, ("Sidley Defendants") :
            :
       Defendants :

..................................................................:

## COMPLAINT

1. The parties in this matter are diverse and the amount in controversy exceeds $75,000 exclusive of interest and costs, and jurisdiction is invoked pursuant to USC Secs. 1331, 1337, and 1343.

1

2. Plaintiff Furama Los Angeles, Inc. ("FLA") is or was a California or Delaware corporation operating a hotel in Los Angeles CA.

3. Plaintiff Dragon Charm, LLC ("DCLLC") is or was a CA or Delaware limited liability company which was involved in transactions described herein.

4. Plaintiff Larry J. Austin ("Austin") is a resident of Virginia and is or was President of FLA, and managing member of DCLLC having a significant interest in DCLLC.

5. Defendant is Graham Taylor ("Taylor") is an Australian born U.S. citizen, at all times relevant hereto, a resident of the State of California was a tax attorney licensed to practice in New York and California.

6. Defendant LeBoeuf was at the time of the actions complained of herein was a professional corporation offering legal services around the world, based in New York, New York and having several offices, including its offices in San Francisco, CA.

7. Defendant Prokauer Rose LLC at the time of the actions complained of herein was a professional corporation offering legal services around the world, based in New York, New York and having several offices elsewhere.

8. Defendant Deutsche Bank, AG is a corporation offering both commercial banking and investment banking services around the world, with a U.S. headquarters in New York, New York and at the time of this transaction, a significant office based in Hong Kong, China.

9. Charles Lee is a resident of the State of California, upon information and belief licensed to practice law in New York and California.

5. Defendant Sidley Austin Brown & Wood at the time of the actions complained of herein was a professional corporation offering legal services around the world, based in New York, New York and having several offices elsewhere.

6. Defendants Ruble and Akselrad, upon information and belief, are residents of New York and at the times complained of herein offered legal services from offices in New York, New York.

## COUNT I: BREACH OF CONTRACT

10. Plaintiff Austin had engaged Defendant Taylor and Defendant LeBoeuf as his lawyers by an engagement letter entered into in about 1999, for legal services including formation of various corporations, limited liability companies, trusts, as well as other entities, negotiations on acquisition of various assets and/or companies, and many legal opinions regarding, inter alia, the due and proper formation of said entities, the negotiations to acquire and deploy assets involved in many separate transactions, the satisfaction and compliance with all applicable federal, state and local laws in the U.S., including, but not limited to, securities law, the Environmental Protection Act, the Pension Benefit Guaranty laws, the laws regarding taxes, (both income and property taxes), as well as the required registrations, or exemption from registration under banking, securities and tax laws of the U.S.

11. Plaintiff Austin, et al engaged Defendant Proskauer Rose LLC ("Proskauer") to review the work of Defendant Taylor and Defendant LeBoeuf, for the purpose of providing a second check as to the transactions and rendering a formal opinion as to the availability of tax benefits and the lack of a need for the Austin Plaintiffs to register under any U.S. tax regimes.

12. Defendant Deutsche Bank AG, (the "Bank") was at the time of the actions complained of herein was a corporation offering investment banking services around the world, based in New York, New York and specifically including offices in Hong Kong where it offered to Plaintiff Austin certain distressed loan assets the Bank had located, researched and negotiated for acquisition from CINDA Asset Management Company, a government sponsored enterprise which had acquired a number of assets from a bank owned by the Peoples Republic of China

13. Defendants Taylor, Lee, LeBoeuf, and Proskauer gave legal advice to Plaintiffs that they would not incur any California taxes, penalties and interest under facts stated in their advice.

14. In about 2014, the California Franchise Tax Board ("CAFTB") assessed about $4.5M in income taxes, penalties and interest against FLA for certain FLA income, which Defendants' legal advice had advised would not be incurred.

15. In about 2014, the California Franchise Tax Board ("CAFTB") assessed about $675K in penalties and interest against DCLLC for certain DCLLC income, which Defendants' legal advice had advised would not be incurred.

16. In about 2014, the California Franchise Tax Board ("CAFTB") assessed about $7M in income taxes, penalties and interest against Austin for certain Austin income from DCLLC, which Defendants legal advice had advised would not be incurred.

17. Defendants Taylor, LeBoeuf, and Proskauer breached their contracts by giving such advice.

18. Defendants Taylor, Lee, and LeBoeuf advised Austin that he could set up a bank account at Citibank Korea in his individual name and would not be liable for any taxes as a result of such account.

19. IRS has assessed income taxes, penalties & interest of about $500,000 for income derived in connection with that account.

COUNT II: LEGAL MALPRACTICE

20. Allegations in paragraphs 1 – 19 herein are incorporated by reference.

21. Defendants Taylor, Lee, LeBoeuf, and Proskauer gave legal advice that the California and Federal taxes described above would not be incurred.

22. Such advice did not meet the standard of care required of lawyers giving such advice.

23. But for their advice and Plaintiffs' reliance thereon, Plaintiffs would not have incurred the California and Federal taxes described herein.

COUNT III: FRAUD

24. Allegations in paragraphs 1 – 23 herein are incorporated by reference.

25. Defendants' misrepresentations were that ……………., which they knew were false.

26. Plaintiff relied on that misrepresentation by failing to take steps to protect himself from CA penalties, etc

27. Defendants knew that Plaintiff was so relying

28. In so relying, Plaintiff was damaged when CA assessed tax penalties against Plaintiffs in the amount stated above.

COUNT IV: CIVIL CONSPIRACY

Allegations in paragraphs above are incorporated by reference.

29. Defendants' legal advice and representations describe above were provided to Plaintiff in Virginia, Plaintiff's acts described above in reliance on such legal advice and representations occurred in Virginia, and all damages described herein occurred in Virginia.

30. Defendants secretly entered into an agreement and conspiracy to intentionally, wrongfully, and without sufficient cause, wrongfully advise Plaintiffs about their individual California tax liabilities.

31. Defendant lawyers and law firms participated in this conspiracy by their acts alleged above which failed to meet the standard of case, and as may be proved at trial. Each non-lawyer Defendant participated in this conspiracy by their acts alleged above in concert with the other non-lawyer Defendants, and as may be proved at trial.

32. Defendants worked in coordination with each other, communicated with each other, and conspired with one another, to wrongfully advise Plaintiffs about their tax obligations as described herein.

33. Defendants, individually and jointly with each other, wrongfully advised Plaintiffs as described herein secretly and without publication to any other person, party, or organization.

34. Defendants, individually and jointly, were trusted by Plaintiffs to faithfully perform their duties as lawyers, and contractual obligations detailed herein

35. As results of such acts, conspiracy, and violations of such statutory duties and contractual obligations, Defendants jointly and severally have caused damages to Plaintiff for damages described herein, attorney's fees, court costs, punitive damages, treble damages, and other money damages as shall be proved at trial, in the amount of $10M.

Respectfully submitted,

*/s/ John E. Williams*

John E. Williams, Esq.
Counsel to Plaintiff
3213 Duke Street, Suite 601
Alexandria, Virginia  22314
VA Bar #14111
Tele: 703 838-2939
Fax: 703 548-6173
johnedwardwilliams@earthlink.net